UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE SHANNON ABNER, )<br>)<br>    *Petitioner*, )<br>)<br>v.   )<br>)<br>)<br>STATE OF TEXAS, )<br>)<br>    *Respondent*. ) | Civil Action No.  1:22-cv-01786 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner is currently in the custody of the Texas Department of Criminal Justice, and per the petition, he was convicted and sentenced in the 180th District Court, located in Harris County, Texas.

Petitioner's claims are two-fold. First, he preliminarily presents this matter as a challenge under 28 U.S.C. § 2241, generally alleging that his current detention is illegal. However, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, this District lacks jurisdiction over any intended § 2241 claims.

Second, and at the real root of petitioner's claims, are challenges to the constitutionality of his state conviction and sentence. He contends that evidence was withheld that proved his actual

innocence, that his guilty plea was made without his consent or free will, and that his court-appointed attorney threatened him. He demands that the court overturn his convictions.

Federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner was convicted and sentenced in Texas. Consequently, this court also lacks jurisdiction over his § 2254 claims.

For the stated reasons, petitioner's IFP application is granted, and this matter is dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date:  August 3, 2022

/s/_____
CARL J. NICHOLS
United States District Judge